# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCHIBALD SABRINA,<br><br>        Plaintiffs,<br><br>V.<br><br>PNC FINANCIAL SERVICES GROUP, INC.<br><br>        Defendants. | Case No. 23-cv-01843-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Entry of Default Judgment (Doc. 22); however, the Court must first address other matters. The Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir.1994). Federal courts are courts of limited jurisdiction – unlike state courts, they can hear cases only when authorized to do so by the United States Constitution and by statute. *Kokkonen v. Guardian Life Inc. Co. of Am.*, 511 U.S. 375, 377 (1994).

On May 31, 2023, plaintiff filed this action using the Form entitled, "Pro Se Civil Rights Complaint (Non-Prisoner)", wherein Section 1. Jurisdiction advises: "Subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and/or 42 U.S.C. § 1983" (Doc. 3). Plaintiff did not assert any additional grounds for jurisdiction, but the Civil Cover Sheet indicated that diversity was the basis of jurisdiction (Doc. 3-1).

Diversity jurisdiction is established over "all civil actions where the matter in controversy exceeds" $75,000 and, if the action is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). With diversity jurisdiction, the proper inquiry must account for each statutory requirement and this Court has concerns as to both the amount in controversy and the citizenship of the parties. Indeed, plaintiff's prayer for relief is questionable in that he left both the compensatory and punitive damages sought blank, seeks an increase in a credit card limit, as well as costs of litigation.[1] Furthermore, there is no indication as to the citizenship of PNC Financial Services Group, Inc.[2]

On July 31, 2023, plaintiff sought and later obtained leave to file (Second) Amended Complaint ("SAC")[3] (Doc. 10). In the SAC, plaintiff indicated that 18 U.S.C. §1348 was an additional basis for subject matter jurisdiction (Doc. 14). Plaintiff also attached a new Civil Cover Sheet that indicated jurisdiction was now based upon a federal question, not diversity of citizenship (Id., p. 7).

The statute identified by plaintiff, 18 U.S.C. §1348, criminalizes executing, or attempting to execute, a "scheme or artifice" (1) "to defraud any person in connection with any commodity for future delivery," 18 U.S.C. §1348(1), or (2) "to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or

---

[1] This Court is constrained to note that the SAC request has added $20,000 for compensatory damages, but the total is still woefully short of the requisite $75,000.

[2] When it comes to corporations, the diversity statute itself makes clear that a corporation is a citizen of both its state of incorporation and the state in which it maintains its "principal place of business", neither of which were identified by plaintiff. See 28 U.S.C. § 1332(c)(1).

[3] At the time this motion was filed, the Court wrongfully assumed there was no service as no return had been filed. When the motion was granted on August 1, 2023, plaintiff was advised he must still obtain service on defendant(s) and the summons was filed on August 15, 2023, but was executed on 6/23/2023 (Doc. 15).

property in connection with the purchase or sale of any commodity for future delivery," 18 U.S.C. §1348(2). While federal courts can hear criminal cases, plaintiff does not have the authority to bring such an action.

Furthermore, there is no independent basis of federal jurisdiction under Sections 1331 and 1343, and Section 1983 does not itself create or establish any federally protected right. Instead, it creates a cause of action for plaintiffs to enforce federal rights created elsewhere — federal rights created by the federal Constitution or, in some cases, by other federal statutes. Under Section 1983, private persons cannot be sued for "merely private conduct, no matter how discriminatory or wrongful." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). Private persons can only be sued when "they act under color of state law." *Id.*

It is unclear to this Court what bases of **federal law** Plaintiff is suing Defendant to allow this Court to have subject matter jurisdiction over these claims. The Supreme Court has long instructed that federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021).

Notwithstanding the foregoing, the pleadings are also confusing on their face as the caption of the case indicates that the only defendant is PNC Financial Services Group, Inc.; however, the body of the pleading identifies the parties and indicates that William Demchak is Defendant #1 (Doc. 14, p. 1). This Court is aware that pro se complaints are to be construed liberally. In similar scenarios, when the substance of a pro se complaint indicates the existence of claims against individuals

not specifically named in the caption, the district court must provide the plaintiff with an opportunity to amend the complaint. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir.1996). Additionally, the only summons issued in this case was for William Demchak, who is not named in the caption, while the return of service indicates that it was served upon PNC Financial Services Group, Inc. (Docs. 4, 15). Plaintiff cannot interchange the two – William Demchak is not PNC Financial Services Group, Inc.

## CONCLUSION

In accordance with the foregoing, this Court dismisses the (Second) Amended Complaint without prejudice and grants plaintiff thirty days, or until **October 2, 2023**, to file a Third Amended Complaint setting forth a valid basis for subject matter jurisdiction. Within that complaint, plaintiff shall identify all defendants in both the case caption pleading and the body of the complaint.

As such, this Court further terminates as moot the motion for default judgment and Orders the Clerk to Set Aside the entry of default. This Court further requests the Clerk provide defendant with a copy of the Pro Se Litigant Guide.

**IT IS SO ORDERED.**

**DATED: <u>September 1, 2023</u>**

<u>/s/ Stephen P. McGlynn</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**