UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARCHIBALD SABRINA,

Plaintiff,

v.                                                      Case No. 3:23-cv-01843-JPG

PNC FINANCIAL SERVICES GROUP INC.,

Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Dismiss  (Doc. 35). The Defendant filed their motion on November 22, 2023. Because the amount in controversy is below the threshold for diversity, and the Plaintiff's claims do not present a federal question. The Court finds that it lacks subject matter jurisdiction and, therefore, the Court **DISMISSES** this case **without prejudice**.

The Plaintiff filed their initial *pro se* civil rights complaint on May 31, 2023.[1] (Doc. 3). The Plaintiff did not state sufficient grounds for federal jurisdiction in their barely decipherable complaint. The *pro se* civil rights complaint form instructs all plaintiffs to be as brief as possible, to list each claim in a separate paragraph, and to not include legal arguments. (*Id.*). The Plaintiff did not follow any of these clear, simple instructions. (*Id.*). Additionally, the Plaintiff alleges a host of different financial crimes against their creditor, PNC Bank, including fraud. (*Id.*). There have been numerous complaints alleging a host of claims, many filed without leave of court.

From the various complaints, the Court gathers that the Plaintiff opened a credit card with a $20,000 limit. The Plaintiff claims they submitted a "bill of exchange" to PNC Bank in

---

[1] Unless otherwise indicated, all events occurred in 2023.

payment of their debt—without paying the interest due—and PNC Bank refused to accept the bill as payment. PNC Bank did not return the physical bill of exchange to the Plaintiff and have prevented the Plaintiff from accessing the account until their debt has been paid. Plaintiff claims they have tried administrative remedies that were accordingly rejected. The complaints and memorandums in support are replete with sovereign citizen language claiming, among other things, that Congress abolished the ability for one to pay their own debts and that the Plaintiff is on the board of the Federal Reserve because the Plaintiff is an American citizen. The Plaintiff asks the Court for an order requiring the Defendants to accept the Plaintiff's "bills of exchange," in perpetuity, award compensatory damages, attorney's fees, and court fees.

There are a multitude of issues with the complaints.

First, the Plaintiff lacks standing under the statutes they invoke. The Plaintiff cites the Bill of Exchange Act, which is a Canadian law. Canadian law does not apply here; thus the Plaintiff's claims under foreign law are invalid. The Plaintiff repeatedly invokes criminal statutes, such as 18 U.S.C. 894 ("Collection of Extensions of Credit by Extortion"); however, criminal statutes do not create a private cause of action. *Israel Aircraft Industries Ltd. v. Sanwa Business Credit Corp.*, 16 F.3d 198, 200-01 (7th Cir. 1994) ("[n]o case during the last generation creates a private right of action to enforce a statute cast in the form of a criminal prohibition,").

Second, the Plaintiff cites statutes governing banks and the federal reserve. The theory for invoking these statutes is that the Plaintiff, by virtue of being an American citizen, is automatically a board member of the Federal Reserve. Debunking this obviously erroneous claim is unnecessary. Suffice it to say, the Plaintiff is not on the board of the federal reserve and does not have standing under those statutes either.

Third, the Plaintiff has made claims under the Equal Credit Opportunity Act alleging that "no consumer can be denied an extension of their credit for any reason." (Doc. 25). The Plaintiff asserts that "consumer credit transactions" are a protected characteristic under the Equal Credit Opportunity Act and therefore, refusing to extend the Plaintiff credit based on previous credit transactions amounts to discrimination. This is obviously incorrect; credit transactions are not a protected characteristic. As a result, the Plaintiff has no standing under the ECOA.

Fourth, even if the Court charitably interpreted the Plaintiff's charge of "securities fraud" as an allegation of "private securities fraud," the Plaintiff has not adequately pled. Assuming for the sake of analysis that a bill of exchange is a valid security, the Plaintiff does not allege that a security was ever bought or sold—a required element for private securities fraud, *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809-10 (2011), rather the Plaintiff is suing over the transfer of a collateral security. While the Plaintiff is not required to provide evidentiary support in their pleadings, nor allege facts solely in possession of the Defendants, private securities fraud is still subject to the special pleading requirements under Fed. R. Civ. Pro. (FRCP) 9(b). *E.g., Beck v. Cantor, Fitzgerald & Co.*, 621 F. Supp. 1547 (N.D. Ill. 1985). The Plaintiff has provided a detailed recount of the administrative steps they took after the bill of exchange was denied, but has failed to adequately detail the allegedly fraudulent behavior.

Setting aside the issues with the complaint, the Court remains unconvinced that it has jurisdiction. The third amended complaint (Doc. 25) claims this Court has jurisdiction on two grounds: first, that this case falls under the Court's original jurisdiction over admiralty and maritime law, 28 U.S.C. § 1333(1), and second, that this case raises a federal question because the Defendant has allegedly violated federal financial laws; neither applies.

While the latest complaint does not claim original jurisdiction, previous filings have. The

claim that this case falls under the Court's original jurisdiction can be disposed of quickly. The Plaintiff argues that *all* debt cases fall under admiralty and maritime law. The basis for this proclamation is an outlandish theory that, by abolishing the gold standard, Congress abolished the ability for one to pay their debts. Debunking this theory is unnecessary. Suffice it to say, debt alone does not turn a breach of contract claim into an admiralty or maritime case.

Turning to whether there is a federal question, as explained above, the Plaintiff lacks standing under the criminal and governmental statutes they invoke and credit transactions are not a protected characteristic under the ECOA. While the Plaintiff seems to allege some financial crimes that may give rise to a private cause of action, the Plaintiff has failed to plead the required elements for fraud. Merely asserting that fraud occurred is not enough. The only relevant facts that the Plaintiff includes—that PNC dishonored one or more "bills of exchange" as payment for credit card debt and retained the dishonored bills—neither offers enough particularity to satisfy the special pleading requirements under FRCP 9(b), nor alleges that a security was bought or sold—a necessary element for a private securities cause of action. Without standing under the invoked statutes and without sufficient, particular claims to establish the necessary elements for a private cause of action; the Court concludes that the Plaintiff's allegations, as currently pled, do not raise a federal question. Without clear indication that there is original, diversity, or federal question jurisdiction the Court concludes that the Plaintiff's allegations, as currently pled, do not raise a federal question.

The Court has given the Defendants multiple opportunities to properly plead, but the Plaintiff has been unable to provide an adequate basis for subject matter jurisdiction. While the Court is obliged to provide pro se litigants flexibility to allow for the development of a potentially meritorious claim, that flexibility is limited. The Plaintiff has reached that limit.

Moreover, the Court is aware of multiple lawsuits this Plaintiff has filed against multiple companies alleging similar claims:

*Sabrina v. Fairbank* [Capital One Bank] (3:23-cv-02798-JPG) filed August 14;

*Sabrina v. Harmening* [Associated Banc-Corp] (3:23-cv-03408-JPG) filed September 8;

*Sabrina v. Scott Credit Union* (3:23-cv-03611-SMY) filed November 8;

Each attempt, including this one, is initiated by a rambling, barely intelligible complaint, a rush for default judgment, and a flurry of amendments. In this case, the Plaintiff sought default judgment multiple times prematurely. The Plaintiff's attempt to secure speedy defaults against multiple creditors and advancing nonsensical legal theories that no reasonable person would believe, suggests bad faith. By obfuscating facts and using archaic legal jargon, it seems the Plaintiff hoped to warp the legal system into a cudgel; one they could swiftly use against their creditors to not only escape debt, but to secure a windfall *and* force their creditors to continue giving them credit in perpetuity.

The Court will not be complicit in the Plaintiff's attempt to pervert the justice system. The Court reminds the Plaintiff that while they may not be represented by counsel, they are still obligated to litigate in good faith. The Court will not allow the Plaintiff to continue filing frivolous lawsuits with impunity. Continuing to pursue or file frivolous lawsuits will result in monetary sanctions and restrictions on filing future lawsuits.

**CONCLUSION**

The Court hereby **DISMISSES** this case **without prejudice** for lack of subject matter jurisdiction. The Court **DENIES** all pending motions as moot and **WARNS** the Plaintiff against filing and pursuing frivolous cases; continuing to do so will result in monetary sanctions and filing restrictions.

**IT IS SO ORDERED.**
**DATED:  December 7, 2023**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**